UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-141 (L)
(1:23-cv-01708-JRR)

_____

SKYLINE TOWER PAINTING, INC.

      Petitioner

v.

ELIZABETH L. GOLDBERG, *et al.*

      Respondents

_____

No. 24-142
(1:23-cv-01708-JRR)

_____

TELEVISION TOWER, INC.

      Petitioner

v.

ELIZABETH L. GOLDBERG, *et al.*

      Respondents

_____

No. 24-1250
(1:23-cv-01708-JRR)

_____

ELIZABETH L. GOLDBERG, *et al.*

      Plaintiffs - Appellees

v.

TELEVISION TOWER, INC.

     Defendant - Appellant

_____

No. 24-1251
(1:23-cv-01708-JRR)

_____

ELIZABETH L. GOLDBERG, *et al.*

     Plaintiffs - Appellees

v.

SKYLINE TOWER PAINTING, INC.

     Defendant - Appellant

## DEFENDANTS/APPELLANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SEPARATE BRIEFS

Defendants/Appellants, Skyline Tower Painting, Inc. ("Skyline") and Television Tower, Inc. ("TTI"), by their respective undersigned counsel, pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Local Rule 28(a) and (d), respectfully move this Court for leave to file separate briefs, the combined length of which shall not exceed the length limitations established by the Federal Rules of Appellate Procedure for a single brief,[1] and as grounds therefore, further state as follows:

1.     In May 2023, Plaintiffs filed their Class Action Complaint and Demand for Jury Trial in Baltimore City Circuit Court, after which Skyline and TTI removed

---

[1] *See* Fed. R. App. P. 32(a)(7).

the action to the U.S. District Court for the District of Maryland (the "District Court") pursuant to the Class Action Fairness Act ("CAFA") on June 23, 2023. *See* Notice of Removal, *Goldberg, et al. v. Skyline Tower Painting, Inc., et al.,* Case No. 1:23-cv-01708-JRR, ECF No. 1; *see also* Class Action Complaint and Demand for Jury Trial, *id.* at ECF No. 5 (the "Complaint" or "Compl.").

2.      On July 24, 2023, Plaintiffs filed a Motion to Remand based on CAFA's local controversy exception. *See* Motion to Remand*, id.* at ECF No. 13.

3.      On August 7, 2023, Skyline and TTI each filed a separate Opposition to Plaintiffs' Motion to Remand. *See id.* at ECF No. 17 (Skyline's Opposition) and ECF No. 18 (TTI's Opposition). In opposing Plaintiffs' Motion to Remand, Skyline and TTI raised different arguments in the District Court, including TTI raising the separate argument that Plaintiffs failed to establish that the conduct of an in-state defendant (TTI) is a significant basis of Plaintiffs' claims for purposes of CAFA's local controversy exception. *See id.*

4.      Skyline and TTI are not identically situated and have separate arguments despite sharing certain interests, positions, and arguments. Plaintiffs' Complaint alleges that TTI is an in-state Defendant that owns the television tower at issue, and that Skyline is an out-of-state Defendant contractor that provided painting services on the tower. *See* Compl. ¶¶ 6-9. Plaintiffs' Complaint asserts claims against Skyline and TTI based on allegations that both Skyline's and TTI's dissimilar

conduct brought about Plaintiffs' alleged harm, featuring general and separate counts against both entities. *See generally* Compl. ¶¶ 13-67, *passim*.

5.    The District Court's opinion and order granting Plaintiffs' Motion to Remand based on CAFA's local controversy exception were entered on March 11, 2024. *See* District Court Case No. 1:23-cv-01708-JRR, docket entries for ECF Nos. 23 and 24 ("Entered: 03/11/2024").

6.    On March 21, 2024, Skyline and TTI each filed separate Petitions for Permission to Appeal the Remand Order raising different arguments, which were each assigned their own associated Fourth Circuit case numbers, with Skyline's petition assigned Case No. 24-141, and TTI's petition assigned Case No. 24-142. *See generally* USCA4 Appeal: 24-141 and 24-142.

7.    On March 22, 2024, Skyline and TTI each filed separate Notices of Appeal regarding the District Court's Remand Order, which were each assigned their own associated Fourth Circuit case numbers, with TTI's appeal assigned Case No. 24-1250, and Skyline's appeal assigned Case No. 24-1251. *See generally* USCA4 Appeal: 24-1250 and 24-1251.

8.    This Court subsequently consolidated the cases (Nos. 24-141, 24-142, 24-1250, and 24-1251) with No. 24-141 assigned as the lead case.

9.    On April 16, 2024, this Court entered an Order that the clerk shall establish a formal briefing schedule on the merits of the appeals, and deferring ruling on the petitions pending formal briefing. *See* USCA4 Appeal: 24-141, Doc: 23.[2]

10.    On April 19, 2024, this Court entered a Briefing Order (USCA4 Appeal: 24-141, Doc: 27) setting deadlines including, *inter alia*, an Opening Brief deadline of May 29, 2024, and Response Brief deadline of June 28, 2024.

11.    Under Fourth Circuit Local Rule 28(a) and (d), only one brief per side is permitted in multiparty cases, unless leave is granted for separate briefing.

12.    Given that Skyline and TTI are not identically situated and given the separate arguments of the two Defendants, Skyline and TTI respectfully request that Defendants be permitted to file separate briefs - the combined length of which shall not exceed the length limitations established by Federal Rules of Appellate Procedure for a single brief. *See* Fed. R. App. P. 32(a)(7).

13.    Undersigned counsel contacted Plaintiffs' counsel who stated on May 3, 2024, that they do not object to Defendants filing separate briefs, the combined length of which will not exceed the limits for a single brief.

---

[2] More fully, the Order stated: "Upon consideration of submissions relative to the petitions for permission to appeal, the clerk shall establish a formal briefing schedule on the merits of the appeals. The court defers ruling on the petitions pending formal briefing of the appeals and assignment of the petitions and appeals to a merits panel." *See* USCA4 Appeal: 24-141, Doc: 23.

WHEREFORE, in view of the circumstances outlined above, Defendants respectfully request leave to file separate briefs.

Respectfully submitted,

/s/ *Thomas V. McCarron*
Thomas V. McCarron
Paul N. Farquharson
Richard J. Medoff
Semmes, Bowen & Semmes
250 W. Pratt Street, Suite 1900
Baltimore, MD 21201
Phone:       410.539.5040
Fax:          410.539.5223
Email:       tmccarron@semmes.com
                  pfarquharson@semmes.com
                  rmedoff@semmes.com
*Attorneys for Skyline Tower Painting, Inc.*


/s/ *Collin S. Gannon*
Roy D. Prather III
Collin S. Gannon
Beveridge & Diamond P.C.
201 North Charles Street, Suite 2210
Baltimore, Maryland 21201
Phone:       410-230-1300
Fax:          410-230-1389
Email:       rprather@bdlaw.com
                  cgannon@bdlaw.com
James B. Slaughter
Beveridge & Diamond P.C.
1900 N. Street, NW, Suite 100
Washington, DC 20036
Phone:       202-789-6040
Fax:          202-789-6190
Email:       jslaughter@bdlaw.com
*Attorneys for Television Tower, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 27(d), undersigned counsel certifies:

1. This motion complies with the type volume limitations of Fed. R. App. P. 27(d)(2) because this motion contains 1,136 words, excluding the accompanying documents required by Rule 27(a)(2)(B).

2. This motion complies with Fed. R. App. P. 27(d), the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Fourteen point, Times New Roman.

/s/ <i>Thomas V. McCarron</i><br>
Thomas V. McCarron

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 3, 2024, a copy of the foregoing motion was served electronically via the CM/ECF system on all counsel of record.

/s/ <i>Thomas V. McCarron</i><br>
Thomas V. McCarron

4860-7676-2043 v.1.docx