---

Nos. 24-141, 24-142
24-1250, 24-1251

---

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

ELIZABETH L. GOLDBERG, *et al.*,

Plaintiffs - Appellees

v.

TELEVISION TOWER, INC., *et al.*,

Defendants - Appellants

ON CONSOLIDATED APPEAL UNDER 28 U.S.C. § 1291 FROM THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(CASE NO. 1:23-cv-01708-JRR)

## OPENING BRIEF OF APPELLANT TELEVISION TOWER, INC.

Roy D. Prather III
Collin S. Gannon
**Beveridge & Diamond P.C.**
201 North Charles Street, Suite 2210
Baltimore, Maryland 21201
Phone:      410-230-1300
Email:      rprather@bdlaw.com
            cgannon@bdlaw.com

James B. Slaughter
**Beveridge & Diamond P.C.**
1900 N. Street, NW, Suite 100
Washington, DC 20036
Phone:      202-789-6040
Email:      jslaughter@bdlaw.com

Dated: May 29, 2024

*Attorneys for Defendant Television Tower, Inc.*

## DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and Fourth Circuit Rule 26.1, Defendant-Appellant Television Tower, Inc. ("TTI") hereby discloses the following:

1. TTI is a Maryland corporation with no parent company.

2. The following listed entities exclusively own more than 10% of the shares of TTI's total outstanding stock:

   a. Paramount Global, a publicly traded company on the NASDAQ (PARA).

   b. Hearst Television Inc., a wholly owned indirect subsidiary of the Hearst Corporation, a privately held company.

   c. The E.W. Scripps Company, a publicly traded company on the NASDAQ (SSP).


Dated: May 29, 2024                    Respectfully Submitted,

                                       /s/ *Roy D. Prather*
                                       Roy D. Prather III
                                       **Beveridge & Diamond P.C.**
                                       201 North Charles Street, Suite 2210
                                       Baltimore, Maryland 21201
                                       Phone:      410-230-1300
                                       Email:      rprather@bdlaw.com

**TABLE OF CONTENTS**

DISCLOSURE STATEMENT ................................................................. i

TABLE OF CONTENTS.......................................................................... ii

TABLE OF AUTHORITIES .................................................................. iv

STATEMENT OF JURISDICTION........................................................1

INTRODUCTION AND STATEMENT OF THE ISSUES PRESENTED..............3

STATEMENT OF THE CASE.................................................................5

    I. STATEMENT OF RELEVANT FACTS ........................................5

    II. RELEVANT PROCEDURAL HISTORY ....................................8

SUMMARY OF THE ARGUMENT .......................................................9

ARGUMENT ..........................................................................................9

    I. TTI'S CONDUCT IS NOT A SIGINIFICANT BASIS FOR *ALL* THE CLAIMS ASSERTED BY PLAINTIFFS ........................................12

    II. A DEFENDANT ON EQUAL FOOTING WITH ANOTHER IS NOT A SIGNIFICANT DEFENDANT ........................................14

        A. TTI did not perform the work at the heart of Plaintiffs' claims, causation, and damages.................................................16

        B. The district court misconstrued persuasive case law and did not meaningfully compare Defendants' conduct for its direct impacts..............18

        C. Legislative history dictates jurisdiction in this case. ...............21

    III. PLAINTIFFS DO NOT SEEK SIGNIFICANT RELIEF FROM TTI .......24

CONCLUSION.......................................................................................26

STATEMENT REGARDING ORAL ARGUMENT ............................26

CERTIFICATE OF COMPLIANCE OF BRIEF ...................................................28

CERTIFICATE OF SERVICE ...........................................................................29

ADDENDUM ............................................................................................Add.1

# TABLE OF AUTHORITIES

## Cases

*Aana v. Pioneer Hi-Bred Int'l, Inc.*,
   Civil No. 12-00231 LEK-BMK, 2013 WL 1817264 (D. Haw. Apr. 26,
   2013) ................................................................................................18

*Allen v. Boeing Co.*,
   821 F.3d 1111 (9th Cir. 2016) ...................................................... 19, 20

*AU Optronics Corp. v. South Carolina*,
   699 F.3d 385 (4th Cir. 2012) .........................................................9

*Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*,
   880 F.3d 668 (4th Cir. 2018) ........................................................10

*Benko v. Quality Loan Serv. Corp.*,
   789 F.3d 1111 (9th Cir. 2015) ...................................................... 15, 20

*Carter v. Allstate Ins. Co.*,
   No. 5:12-CV-72, 2012 WL 3637239 (N.D. W. Va. Aug. 21, 2012)...................24

*Cheapside Mins., Ltd. v. Devon Energy Prod. Co., L.P.*,
   94 F.4th 492 (5th Cir. 2024) .......................................................1, 3

*Coleman v. Estes Express Lines, Inc.*,
   631 F.3d 1010 (9th Cir. 2011) .......................................................16

*Comm'r of Internal Revenue v. Lundy*,
   516 U.S. 235 (1996)........................................................................25

*Craft v. S.C. State Plastering, LLC, Civil Action*,
   No. 9:15-5080, 2016 WL 11608327 (D.S.C. Sept. 8, 2016) ...............................13

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81 (2014)...........................................................................11

*Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*,
   928 F.3d 325 (4th Cir. 2019) ...................................................... 9, 10, 11

*Ellenburg v. Spartan Motors Chassis, Inc.*,
   519 F.3d 192 (4th Cir. 2008) .........................................................2

*Evans v. Walter Indus., Inc.*,
    449 F.3d 1159 (11th Cir. 2006) ........................................................ 11, 15, 16, 24

*Jackson v. Home Depot U.S.A., Inc.*,
    880 F.3d 165 (4th Cir. 2018) ...............................................................11

*Kaufman v. Allstate N.J. Ins. Co.*,
    561 F.3d 144 (3d Cir. 2009) .................................................. 10, 12, 13, 14, 15, 20

*Kitchin v. Bridgeton Landfill, LLC*,
    3 F.4th 1089 (8th Cir. 2021) ....................................................... 2, 13, 15, 16, 17

*Laws v. Priority Tr. Servs. Of N.C., L.L.C.*,
    No. 3:08-CV-103, 2008 WL 3539512 (W.D.N.C. Aug. 11, 2008) ....................25

*Lippincott v. PNC Bank, N.A.*,
    Civil Action No. ELH-12-463, 2012 WL 1894275 (D. Md. May 22, 2012) .........2

*Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*,
    655 F.3d 358 (5th Cir. 2011) ........................................................ 15, 16

*Priselac v. Chemours Co.*,
    561 F. Supp. 3d 562 (E.D.N.C. 2021) .................................................... 13, 20, 21

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996) ......................................................................1, 2

*Robinson v. Cheetah Transp.*,
    No. Civ. A. 06-0005, 2006 WL 468820 (W.D. La. Feb. 27, 2006) ....................25

*Russo v. Eastwood Constr. Partners, LLC*,
    No. 2:22-CV-1686-DCN, 2023 WL 2386453 (D.S.C. Mar. 7, 2023)................25

*Scott v. Cricket Commc'ns, LLC*,
    865 F.3d 189 (4th Cir. 2017) ........................................................2, 11

*Serrano v. 180 Connect, Inc.*,
    478 F.3d 1018 (9th Cir. 2007) ............................................................3

*Simring v. GreenSky, LLC*,
    29 F.4th 1262 (11th Cir. 2022) ..................................................... 1, 2, 3

*Tanoh v. Dow Chem. Co.*,
   561 F.3d 945 (9th Cir. 2009) ...................................................................11

*Woods v. Standard Ins. Co.*,
   771 F.3d 1257 (10th Cir. 2014) ..........................................................11

**Statutes**

28 U.S.C. § 1291 .......................................................................... 1, 3, 8

28 U.S.C. § 1332 ...................................................................... 1, 8, 10, 12

28 U.S.C. § 1447 ..............................................................................2, 3

28 U.S.C. § 1453 ..............................................................................3, 8

**Legislative Materials**

S. Rep. No. 109-14.................................................................... 11, 17

**Other Materials**

16 Charles Alan Wright & Arthur R. Miller,
   *Federal Practice and Procedure* § 3931.2 (3d ed. 2023)......................................2

## STATEMENT OF JURISDICTION

The Class Action Fairness Act ("CAFA") grants district courts original jurisdiction over any civil action (i) that is a class action, (ii) in which any member of a class of plaintiffs is a citizen of a State different from any defendant, and (iii) in which the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2)(A). In deciding Plaintiffs' Remand Motion, the district court below concluded, and Plaintiffs did not contest, that these threshold jurisdictional requirements are satisfied in this case. *See* Memorandum Opinion on Remand at JA159-160 ("Remand Order"). Despite satisfaction of these threshold requirements, the district court declined to exercise jurisdiction and granted Plaintiffs' remand motion pursuant to CAFA's local controversy exception. Defendants filed their Notices of Appeal in the district court on March 22, 2024, within thirty days of the district court's March 11, 2024 entry of its Remand Order. *See* Defs.' Notices of Appeal at JA185, JA189.

This Court has jurisdiction because remand orders are "final," *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996), and can be appealed as of right pursuant to 28 U.S.C. § 1291 when CAFA's local controversy exception is invoked. *See, e.g.*, *Cheapside Mins., Ltd. v. Devon Energy Prod. Co., L.P.*, 94 F.4th 492, 495-96 (5th Cir. 2024) (local controversy based remand constituted an appealable final order); *Simring v. GreenSky, LLC*, 29 F.4th 1262, 1265-66 (11th

1

Cir. 2022) (same); *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1092 (8th Cir. 2021) (same); 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3931.2 (3d ed. 2023) ("[O]rder remanding after removal under [CAFA] . . . can be appealed as of right, and § 1447(d) does not bar review if the remand is based not on a lack of jurisdiction but on a decision to decline jurisdiction under the local-controversy exception.").[1] Accordingly, because CAFA's threshold

---

[1] This is not the type of remand order where appellate review is generally barred by 28 U.S.C. § 1447(d), because § 1447(d) only contemplates remand based on (i) the district court's lack of subject matter jurisdiction or (ii) another defect in the removal. *See Quackenbush*, 517 U.S. at 712 ("[O]nly remands based on the grounds specified in § 1447(c) are immune from review under § 1447(d)." (internal citations and quotation omitted)); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (narrowly construing scope of § 1447 and reviewing remand order where remand was not based on one of the enumerated categories).

Remand here was not rooted in a procedural "defect" or "lack of subject matter jurisdiction," because abstention-based remand under CAFA's local controversy exception is neither. Regarding unreviewable scenarios where there is an alleged "procedural defect," "[t]he word 'defect' . . . refers only to 'defect[s]' in the removal itself, and does not include grounds – such as abstention – that are external to the removal process." *See Simring*, 29 F.4th at 1265 (internal citation and quotations omitted); *Lippincott v. PNC Bank, N.A.*, Civil Action No. ELH-12-463, 2012 WL 1894275, at *4 (D. Md. May 22, 2012) (An "abstention-based remand order . . . is not based on . . . defects in removal procedure." (quoting *Quackenbush*, 517 U.S. at 712)). And concerning unreviewable scenarios that implicate subject matter jurisdiction for § 1447(c) purposes, the Fourth Circuit has definitively concluded that CAFA exceptions reflect abstention from otherwise established statutory subject matter jurisdiction. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 n.6 (4th Cir. 2017) (in CAFA-exception cases, "the Court has necessarily determined that jurisdiction exists" and is only considering whether to abstain should "the exceptions impose a limit," meaning "CAFA exceptions are nonjurisdictional" (internal citation omitted)); *Simring*, 29 F.4th at 1265 ("[T]he local controversy exception is 'akin' to abstention because it requires the courts to decline jurisdiction

jurisdictional requirements were met, and the district court wrongfully abstained from exercising CAFA jurisdiction by mistakenly applying the local controversy exception, this Court has jurisdiction over this appeal pursuant to § 1291.[2]

## INTRODUCTION AND STATEMENT OF THE ISSUES PRESENTED

CAFA favors federal jurisdiction and requires that the local controversy exception to federal jurisdiction be interpreted narrowly, with the burden of proving CAFA does not apply on the plaintiffs. The district court's Remand Order failed to apply these standards and scrutinize the relative significance of the in-state and out-of-state defendants. The Remand Order effectively dictates that any in-state property owner requiring specialized maintenance from an out-of-state contractor will be barred from federal court protections over a class action related to the contractor's work, so long as plaintiffs make allegations against the property owner sounding in vicarious liability. CAFA requires much more, and the Court should now provide

---

that otherwise exists."); *Serrano v. 180 Connect, Inc*., 478 F.3d 1018, 1022-23 (9th Cir. 2007) (same).

[2] Defendants timely petitioned separately (Case Nos. 24-141 & 24-142) for review of the Remand Order under 28 U.S.C. § 1453(c), which provides for expedited review of CAFA decisions, within ten days of the order's March 11, 2024 entry. Section 1453(c) supplements review under § 1291 and does not supplant it as the "lone vehicle by which an appellant can obtain review of a final order remanding class action litigation to state court; it simply permits certain appeals denying remand that §§ 1447(d) and 1291 would have otherwise prohibited." *Cheapside Mins*., 94 F.4th at 496.

guidance on the "significant defendant" prong that follows CAFA's plain language, its legislative history, and precedent in other circuits.

Plaintiffs' putative class action alleges harms to Plaintiffs' properties stemming from the removal of lead-containing paint from a television tower in the City of Baltimore owned by in-state defendant Television Tower, Inc. ("TTI"). The paint was removed by an out-of-state contractor, Skyline Tower Painting, Inc. ("Skyline"), in a manner that Plaintiffs allege contaminated their property with lead paint flakes. In ordering remand to state court, the district court failed to evaluate the significance of the out-of-state contractor's affirmative conduct relative to the in-state property owner's ancillary conduct in the manner dictated by CAFA. Based on the Complaint, the liability theories, and plausible inferences, the in-state Defendant's passive conduct as a landowner and as a mere contracting party is relatively insignificant compared that of the foreign contractor, and Plaintiffs did not carry their burden to prove otherwise. Similarly, the district court failed to apply the requisite, strenuous standard for demonstrating that two-thirds of putative class members reside in Maryland, a separate and additional requirement for Plaintiffs to prove the local controversy exception.

The trial court's cursory approach accepting Plaintiffs' broad pleading and bald allegations of a significant role for the in-state Defendant undercuts CAFA's requirement of narrowly applying exceptions to federal jurisdiction. Consistent with

federal precedent narrowly applying CAFA exceptions, the Court should reverse the district court's remand order and direct denial of the motion to remand.

Accordingly, the issues presented on appeal are:

1.    Did the district court err in ruling that Plaintiffs satisfied their burden of demonstrating that the conduct of a local defendant formed a "significant basis" for their claims and that they sought "significant relief" from that local actor sufficient to invoke the local controversy exception, where Plaintiffs' allegations and requested relief are based on conduct by an out-of-state contractor that Plaintiffs allege directly damaged their properties?

2.    Did the district court err in ruling that Plaintiffs satisfied their burden of demonstrating that two-thirds of the members in their putative class reside in Maryland?[3]

## STATEMENT OF THE CASE

### I.    STATEMENT OF RELEVANT FACTS

Eight Plaintiffs representing a putative class brought suit in Baltimore City Circuit Court alleging that paint flakes containing lead escaped from a steel

---

[3] The local controversy exception's significant defendant and two-thirds in state residency requirements are independent prerequisites for invoking the local controversy exception, and failure to satisfy even one is fatal to remand. This opening brief focuses on the significant local defendant issues, while co-defendant Skyline's opening brief addresses the residency issues. TTI fully joins in, and adopts, co-defendant Skyline's separate brief and arguments concerning the district court's failure interpreting the CAFA local controversy exception residency requirement.

broadcast tower owned by defendant TTI when out-of-state contractor Skyline was engaged in repainting operations. According to Plaintiffs, the paint flakes dispersed in areas near the tower during Skyline's operations and caused diminution in the putative class members' property values. *See* Class Action Complaint and Demand for Jury Trial ("Complaint") at JA15, JA21.

The television broadcast tower at issue is a 1,000-plus foot candelabra steel broadcast tower in Druid Hill Park (aka Television Hill) in Baltimore City. *Id.* JA11, JA12. The tower was erected in the late 1950s, with an additional 270 feet added in the 1960s. *Id.* JA12. Given its vintage and consistent with common practice at that time paints with lead content were used on the tower, which have since been overpainted with acrylic paints without lead. *Id.* JA12. In early 2022, the tower needed repainting and TTI retained Skyline, one of very few national contractors specializing in evaluating, cleaning, and painting intricate skyscraping communication towers. *Id.* JA13. In late May 2022, Skyline began preparing the tower for new paint by scraping and vacuuming the old paint on the tower. *Id.* JA14. In June 2022, Skyline power washed the tower to more efficiently prepare the tower for the new coating of paint. Coupled with strong winds, however, this power washing allegedly resulted in paint flakes escaping from the tower. *Id.* JA15. Skyline ultimately stopped power washing and performed no work after around June 20, 2022, the day before Baltimore City issued a stop work order. *See id.* JA17.

In remanding, the district court did not scrutinize the separate and distinct actions that were allegedly taken by both of the Defendants. Remand Order at JA172-181. Instead, the district court simply relied on Plaintiffs' conclusory, *legal* allegation that "Skyline acted as an agent for TTI," and, unsupported by *factual* allegations, assumed that Skyline and TTI acted in concert to ultimately conclude that TTI's conduct was not "junior to that of Skyline," further crediting Plaintiffs' group pleading to invoke the local controversy exception. *Id.* JA178 (internal quotations omitted). The district court, however, improperly equated a factual allegation related to *why* TTI hired Skyline to repaint the tower – "TTI knew that the TV Tower contained lead-based paint that would deteriorate over time" – with "the alleged harms from which Plaintiffs seek to recover," thus leading it to conclude that "the core nucleus of Plaintiffs' claims is that the TV Tower's lead paint contaminated and damaged their properties." *Id.* JA180-181 (internal quotations omitted).

The district court thus downplayed the principal power washing event in its analysis, only conceding that Plaintiffs' claims "also focus on the [power washing]," *id.* JA181, despite the fact that Plaintiffs' Complaint specifically identifies the power washing event as the cause of their direct harm, *see* Complaint at JA15 (Skyline's "[power washing] negligently and recklessly spread lead-based paint chips . . . in every direction, coating Plaintiffs' . . . property . . . with toxic material."). The district

court failed to engage in the requisite parsing of Plaintiffs' allegations to identify what specific conduct forms the basis for Plaintiffs' claims and alleged harms.

## II.    RELEVANT PROCEDURAL HISTORY

The *Goldberg* putative class action was filed on May 10, 2023 in Baltimore City Circuit Court. *See id.* JA9. On June 23, 2023, Defendants properly removed the case from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §§ 1332 and 1453, on the basis of minimal diversity under CAFA. *See* Defendants' Notice of Removal at JA38. Plaintiffs moved to remand the case on July 24, 2023, pursuant to CAFA's local controversy exception. *See* Remand Motion at JA46. After full briefing, the district court entered an order granting Plaintiffs' Remand Motion on March 11, 2024. *See* Remand Order at JA155. Defendants timely filed separate petitions for permissive appeal under 28 U.S.C. § 1453(c) in this Court on March 21, 2024, and appealed as of right under 28 U.S.C. § 1291 by filing notices in the district court on March 22, 2024. *See* Notices of Appeal at JA185, JA189. The Fourth Circuit consolidated the § 1453(c) petitions and § 1291 appeals on March 22 and March 26, 2024, respectively, and on April 16, 2024 agreed to hear the § 1291 appeals and hold the § 1453(c) petitions in abeyance. *See* Clerk's Order, Doc. 23.

## SUMMARY OF THE ARGUMENT

The district court's Remand Order is inconsistent with CAFA's text, legislative history, and precedent from numerous courts of appeals and district courts. In misapplying the local controversy exception, the district court found that TTI was the "significant defendant" because its ownership of the tower at issue forms the basis for all of Plaintiffs' claims. This conclusion overlooks the direct role Defendant Skyline played with respect to the actual alleged physical damages in this tort case and disregards Plaintiffs' admission that Skyline's conduct, not TTI's, directly caused the "principal injuries" of their properties being "contaminated by lead paint and lead dust created by the [power washing]." *See* Remand Motion Mem. of Law in Supp. at JA56. A proper analysis of the allegations demonstrates that Skyline's alleged conduct causing the dispersal of lead paint constitutes the significant basis underlying all of Plaintiffs' claims, not mere property ownership or contracting decisions.

## ARGUMENT

The Court reviews de novo a district court's determination of whether it "possessed subject matter jurisdiction under CAFA and, thus, whether a remand to state court was appropriate." *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 390 (4th Cir. 2012). The party seeking remand bears the burden of establishing each element of the local controversy exception. *Dominion Energy, Inc. v. City of Warren*

9

*Police & Fire Ret. Sys.*, 928 F.3d 325, 335-36 (4th Cir. 2019); *Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018) (same). The failure to establish any element is fatal. This exception to mandatory federal jurisdiction allows remand only where plaintiffs prove that more "than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and that there is "at least [one in-state] defendant" (i) from whom members of the plaintiff class are seeking "significant relief," and (ii) whose conduct "forms a significant basis" for the proposed plaintiff class's claims. 28 U.S.C. § 1332(d)(4)(A)(i).

The "significant basis" element of this exception requires that there be "at least one local defendant whose alleged conduct *forms a significant basis for all the claims asserted in the action*." *Kaufman v. Allstate N.J. Ins. Co*., 561 F.3d 144, 155 (3d Cir. 2009) (emphasis added). The Fourth Circuit has not yet addressed what constitutes "significant relief" and "significant basis" in the context of CAFA's local controversy exception, or the evidentiary standard to establish the residency of the putative class.

However, the Fourth Circuit has long held that "CAFA's removal exceptions must be narrowly construed" and that courts "are obliged to read and apply [them] in light of CAFA's purpose and objective" to expand federal jurisdiction over class actions. *Dominion Energy*, 928 F.3d at 342-43. Moreover, "because CAFA was

intended to confer broad federal court jurisdiction . . . any close question has to be resolved in favor of removal to the federal court." *Id.* at 343 n.14; *see also Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 n.6 (4th Cir. 2017) ("In CAFA-exception cases, the court has necessarily determined that jurisdiction exists and is only considering whether the exceptions impose a limit."); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (same); *see also* S. Rep. No. 109-14, at 42 (same).[4]

The district court's error turns on a misinterpretation of the "significance" of the conduct of the local defendant and the "significance" of the relief sought from the local defendant. The "significance" of a local defendant cannot be judged in a vacuum, but rather must be assessed relative to the allegations against the foreign

---

[4] CAFA's legislative history underscores the broad grant of jurisdiction. The U.S. Supreme Court in *Dart Cherokee* decided that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014) (quoting S. Rep. No. 109-14, at 43) (internal quotations omitted). As the Tenth Circuit observed in *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1265-66 (10th Cir. 2014), Congress intended that the exception be narrow, with all doubts resolved in favor of exercising jurisdiction, meaning in this context that the alleged conduct of a local defendant must be central to the case and the defendant must be a "primary focus" of the claims, not merely a "peripheral defendant." *Id.* at 1266 (citing S. Rep. No. 109-14, at 38). Congress, by CAFA, greatly "expanded removal authority for class actions. It enacted CAFA 'to curb perceived abuses of the class action device' . . . . To that end, CAFA . . . was adopted to extend removal authority beyond the traditional rules." *Jackson v. Home Depot U.S.A., Inc.*, 880 F.3d 165, 167 (4th Cir. 2018) (quoting *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009)). The district court's Remand Order should be judged against this established law.

defendant. Here, the district court failed to conduct the requisite, discerning evaluation in light of Plaintiffs' allegations concerning their property impacts due to Skyline's power washing.

## I. TTI'S CONDUCT IS NOT A SIGINIFICANT BASIS FOR *ALL* THE CLAIMS ASSERTED BY PLAINTIFFS

Satisfying the "significant basis" prong requires the party seeking remand to establish that at least one defendant is a defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). The Third Circuit's *Kaufman* decision interpreting this subsection is instructive. 561 F.3d at 155-56. There, plaintiffs filed a class action complaint alleging various claims of breach of contract and fraud against six insurance companies. *Id.* at 150. After voluntary dismissal of three local defendants, the remaining defendants – one local and two out-of-state – removed the case to federal court, which the federal court subsequently remanded based on the local controversy exception. *Id.* The Third Circuit reversed, concluding that plaintiffs had not established that a local defendant's conduct was a significant basis for *all* of the plaintiffs' claims. *Id.* at 156-57. *Kaufman* held:

> The plain text of th[e statute] relates the alleged conduct of the local defendant, on one hand, to all the claims asserted in the action, on the other. The provision does not require that the local defendant's alleged conduct form a basis of each claim asserted; *it requires the alleged conduct to form a significant basis of all the claims asserted*.

*Id.* at 155 (emphasis added and omitted). The Court should utilize this bright-line criterion in addition to exercising a reasonable discretion based on the facts alleged and implied.

When evaluating the alleged conduct of the local Defendant here, and relating it to *all* of Plaintiffs' claims, *none of the conduct* directly giving rise to Plaintiffs' alleged harm was performed by TTI. Skyline was the only Defendant working on the tower and causing paint chips to flake off the tower. *See* Complaint at JA15. In such circumstances, the local controversy exception cannot apply.

Several district courts in this circuit and other circuits have favorably cited *Kaufman* for its guidance on relating the local defendant's conduct with all of plaintiffs' asserted claims. *See, e.g.*, *Kitchin*, 3 F.4th at 1094 (reiterating Eighth Circuit's wholesale adoption of *Kaufman*'s guidance, collecting cases from the Tenth, Ninth, Sixth, and Fifth Circuits doing the same, and highlighting the lack of any relevant circuit split); *Priselac v. Chemours Co*., 561 F. Supp. 3d 562, 575-78 (E.D.N.C. 2021) (denying remand motion and applying *Kaufman*); *Craft v. S.C. State Plastering*, LLC, Civil Action No. 9:15-5080, 2016 WL 11608327, at *5 (D.S.C. Sept. 8, 2016) (same).

Misinterpreting *Kaufman*, the district court improperly relied on its determination that "the core nucleus of Plaintiffs' claims is that the TV Tower's lead paint contaminated and damaged their properties." Remand Order at JA180. This

analysis, however, fails to relate the local defendant's conduct to *all* of the claims, or even consider the operative conduct by the out-of-state Defendant. The district court instead appears to have assumed that TTI's status as a property owner *de facto* meant its conduct is a significant basis for all of Plaintiffs' claims. *See id.* JA180 (simply identifying an allegation about TTI's knowledge of the lead on its tower causing it to seek and retain a specialized contractor to repaint). But the catalyst for Plaintiffs' claims is not the presence of lead-containing paint on TTI's tower; it is the paint's *removal*. In other words, but for the manner of paint removal that was dictated and controlled by Skyline, Plaintiffs' claims – as plead in the Complaint – would not exist. Thus, Plaintiffs bring an exclusive negligence claim against Skyline for breaching duties allegedly owed to Plaintiffs concerning its conduct of power washing the tower to remove paint in preparation for repainting. Complaint at JA30. Any ancillary alleged conduct by TTI is not the subject of the aforementioned claim against Skyline; instead, only Skyline's conduct is the basis of the core negligence claim and damages. Accordingly, because Plaintiffs cannot possibly show that TTI's conduct forms a significant basis for *all* of their claims, the local controversy exception cannot apply. *Kaufman*, 561 F.3d at 155-56.

## II. A DEFENDANT ON EQUAL FOOTING WITH ANOTHER IS NOT A SIGNIFICANT DEFENDANT

While *Kaufman* is dispositive in light of the claim exclusively against Skyline, remand also fails under a more general test of weighing the alleged misconduct of

Defendants relative to each other to determine whose conduct constitutes the most significant basis for the lawsuit. Plaintiffs simply allege that TTI and Skyline worked in concert with one another to spread pollutants throughout the neighborhood.

"Group pleading" cannot satisfy the local controversy exception, and when evaluating both Defendants' conduct relative to each other, the obvious "gravamen" of Plaintiffs' claims is Skyline's power washing that allegedly spread paint flakes in the neighborhood and purportedly impacted Plaintiffs' property values. *See Kitchin*, 3 F.4th at 1095 ("collective allegations leave 'doubt' about the comparative significance of [defendant's] conduct, preventing remand under the local-controversy exception." (internal citation omitted)).

The circuits that have addressed this issue have held that whether a defendant's alleged conduct is significant cannot be determined without comparing the alleged conduct of the local defendant to the alleged conduct of all the defendants. *Kaufman*, 561 F.3d at 155-56; *Kitchin*, 3 F.4th at 1094; *Evans*, 449 F.3d at 1167; *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118-19 (9th Cir. 2015); *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 360-61 (5th Cir. 2011). The district court simply did not do that here. Without meaningful comparison, a plaintiff could craftily plead a state action when the true basis for their claims would indisputably support federal jurisdiction. In such a case, a plaintiff's artful pleading against a local defendant who is not alleged to have engaged in the

conduct that directly caused the alleged harm – perhaps by ancillary or vicarious theories, akin to the scenario here – would wall off otherwise mandatory CAFA jurisdiction.

Further, where the allegations of a complaint do not differentiate between the conduct of the local defendant and the conduct of the other defendants, there is no ground to conclude that the allegations in the complaint satisfy the significant basis requirement. *Kitchin*, 3 F.4th at 1096 ("[T]his cut-and-paste approach illustrates how Plaintiffs' complaint fails to differentiate meaningfully between [the local defendant's] conduct and the other defendants' conduct"); *Opelousas*, 655 F.3d at 360-62 (same); *Evans*, 449 F.3d at 1166-67 (same). Alleged collective conduct thus cannot make a single defendant's conduct significant. Accordingly, because the local defendant's alleged conduct must be an *important* ground for the asserted claims in relation to the alleged conduct of all defendants, the local defendant's conduct cannot be "significant" if the alleged importance is either equivalent or collective.

## A. TTI did not perform the work at the heart of Plaintiffs' claims, causation, and damages.

The district court failed to properly review the allegations in deciding the local controversy exception. In comparing conduct, courts must employ common sense and logic, utilizing the perspective of an "experienced lawyer or judge." *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015, 1018, 1019-20 (9th Cir. 2011). There is no close call here. There are no allegations of conduct by TTI directly impacting

Plaintiffs' properties, meaning TTI's conduct is not equivalent relative to Skyline's, but is instead indirect and derivative at most. *See* Remand Motion Mem. of Law in Supp. at JA56 (conceding that Skyline is the culpable defendant as it concerns Plaintiffs' central claim for relief, indicating that their "principal injuries" are properties "contaminated by lead paint and lead dust" that was "created by" the power washing). It is evident from a straightforward reading of Plaintiffs' Complaint that Skyline performed the work that directly impacted Plaintiffs, making its conduct significant relative to TTI's, and not vice versa. *See* Complaint at JA15. Even if a local defendant like TTI's ancillary and background conduct could be equivalent to an out-of-state defendant like Skyline, in such instance there would still not be a "truly local" controversy contemplated by the local controversy exception. Only where the local defendant's conduct is significant relative to the conduct of the foreign defendant can the local controversy exception be invoked. *Kitchin*, 3 F.4th at 1095-96.

Any other interpretation would be at odds with CAFA and the supporting legislative history. S. Rep. No. 109-14, at 42 (CAFA's local controversy exception is intended to be a narrow one). Absent a meaningful comparison of relative conduct that directly impacted Plaintiffs, the district court created a presumption in favor of remand, exactly the jurisdictional loophole that Congress expressly sought to avoid. Should the local controversy exception be extended to cover this scenario, then the

mere act of a defendant property owner contracting with a specialized contractor would bar in-state property owners from federal court, contrary to CAFA's inclusive intent.

**B.    The district court misconstrued persuasive case law and did not meaningfully compare Defendants' conduct for its direct impacts.**

The district court's only effort to compare Defendants' conduct comes through its balancing of Skyline's contractual obligations against an erroneous assumption that TTI directed or managed Skyline's power washing. *See* Remand Order at JA180-181. Through this balancing, the district court improperly attributes Skyline's conduct (managing the repainting of the tower) to TTI. None of the alleged facts support this proposition. Plaintiffs instead allege that TTI hired Skyline, a national specialized tower painting contractor, *see* Complaint at JA11, JA29, showing that TTI did not have the expertise required to remove the lead-containing paint itself. Plaintiffs make no cognizable allegations that TTI, relative to a specialized national contractor, was aware of relevant lead-containing paint abatement requirements or processes that Skyline would need to follow to conduct its business. *See id.* JA29. Any requisite calculus thus confirms that TTI's mere knowledge of lead-containing paint and property ownership fail to rise to a significant basis. *See Aana v. Pioneer Hi-Bred Int'l, Inc.*, Civil No. 12-00231 LEK-BMK, 2013 WL 1817264, at *7-8 (D. Haw. Apr. 26, 2013) (holding local landowner was not the significant defendant when the foreign defendant-lessee's conduct

released the dangerous pesticides on which plaintiff's claims "essentially hinge[d]" (internal quotations and citation omitted)).

The district court relied heavily on the facts of *Allen v. Boeing Co.*, 821 F.3d 1111 (9th Cir. 2016) to guide its limited comparison of TTI and Skyline's conduct. In that case, the alleged conduct of the local defendant, a contractor, was found to have formed a significant basis of the plaintiffs' claims when compared to the landowner (the out-of-state defendant) because the local defendants' conduct caused the harm plaintiffs alleged. *See id.* at 1113. In *Allen*, the local defendant, a contractor, was remediating a property owned (and previously contaminated) by the foreign defendant, and in doing so caused offsite impacts leading to the class action complaint. *Id.* at 1114. In relying on *Allen*, the district court mistakenly switched the actors by comparing the local defendant in *Allen* to TTI and the out-of-state defendant to Skyline. Remand Order at JA180-181. Instead, TTI's role is more closely aligned with (but less culpable than) that of the out-of-state defendant landowner, which shows that *Allen supports federal jurisdiction here*.

The district court first quoted from *Allen*, providing "[t]he gist of [p]laintiffs' claims is that the movement of the volatile organic chemicals off [the landowner defendant's] property caused them harm, not that the existence of the chemicals at the [property] harmed them." Remand Order at JA176 (quoting *Allen*, 821 F.3d at 1118). Then, the district court evaluated the Ninth Circuit's consideration of the

Boeing site's history: "the fact that the [land-owner defendant] created the pollution does not in itself render insignificant the damages caused by the [contractor defendant's] alleged failure to investigate and remediate the spreading of pollution." *Id.* JA176-177 (quoting *Allen*, 821 F.3d at 1118-19). In judging the local defendant-contractor's conduct of causing offsite contamination, the *Allen* court held that the plaintiffs had alleged claims that were "important or fairly large in amount or quantity relative to the claims against" the foreign defendant-landowner. *Id.* JA178 (quoting *Allen*, 821 F.3d at 1121 (quoting *Benko*, 789 F.3d at 1118)) (internal quotations omitted). Contrary to the district court's conclusions, the *Allen* holding demonstrates that merely owning an allegedly contaminated property, and even causing any pollution, *is not significant when compared to the removal and dispersal of any such pollution. See id.*

The district court's seeming confusion of the actors in *Allen* led it to the incorrect conclusion about *Allen*'s bearing on this case – *Allen* stands for the proposition that in a two-party analysis, property ownership alone cannot be significant relative to the alleged direct spreading of contamination from that property. *Allen*, applied correctly, confirms that local Defendant TTI's conduct is not significant relative to Skyline's conduct.

The district court similarly misrelied on the facts and holding in *Priselac*, 561 F. Supp. 3d at 575-78 (denying remand motion and applying *Kaufman*). *See* Remand

Order at JA180-181. That case involved claims against co-defendant employees and their corporate employers related to contamination that was allegedly caused by operations the employees performed in the scope of their employment. *Priselac*, 561 F. Supp. 3d at 568, 576. Critically, the *Priselac* court recognized that the corporate employers "oversaw and engaged in the same conduct" as their employees, at that site and elsewhere, rendering the in-state employees' conduct relatively insignificant. *Id.* at 576. Contrary, then, to the district court here equating TTI to the corporate employers in *Priselac* (*see* Remand Order at JA180-181), TTI did not oversee or engage in the same conduct as the specialized contractor Skyline, because TTI did not perform any work on the Tower that directly impacted Plaintiffs. *Priselac* actually supports federal jurisdiction.

### C. Legislative history dictates jurisdiction in this case.

Finally, the CAFA Senate Report is instructive. The Report gives three examples that define Congress's intended scope for the local controversy exception, and all three examples demonstrate why the district court should have declined remand. *See* S. Rep. 109-14, at 42-43 (expressing preference for federal jurisdiction). The Report starts with the following example: a class action alleging that an insurance company incorporated and based in another state misrepresented its policies. *See id.* at 40. The local insurance agent named as a defendant would not fit the criteria for a "significant basis" of the putative class's claims because "[a]t most,

that agent would have been an isolated role player in the alleged scheme implemented by the insurance company." *Id.* Here, the putative class's principally alleged impact is a consequence of Skyline's power washing, consistent with the Senate Report's discussion of the out-of-state insurance company and its conduct that directly impacted Plaintiffs. *Id.*; *see also* JA15. TTI, by virtue of its ownership of the tower upon which Skyline conducted its operations, resembles the isolated, in-state role player whose inclusion as a defendant does not create a local controversy. S. Rep. 109-14, at 40.

The Report gives two additional examples that further call the district court's analysis into question. One involves a class action brought against an out-of-state automobile manufacturer and a few in-state dealers, alleging that a certain vehicle model, which is sold in all fifty states, is unsafe because of an allegedly defective transmission. *See id.* at 41. The example describes a suit that would not fall within the local controversy exception, because: (i) "the automobile dealers are not defendants whose alleged conduct forms a significant basis of the claims or from whom significant relief is sought by the class"; (ii) "[e]ven if the plaintiffs are truly seeking relief from the dealers, that relief is just small change compared to what they are seeking from the manufacturer"; and (iii) "the main allegation is that the vehicles were defective" and "[i]n product liability cases, the conduct of a retailer such as an automobile dealer does not form a significant basis for the claims of the class

22

members." *Id*. The example's emphasis on the "main allegation" is most pertinent here, where Plaintiffs are principally alleging impacts in response to Skyline's alleged dispersal of paint flakes (*see* Complaint at JA15, JA16) and so is the indication from Congress that a local defendant making a sale – or, perhaps, a tower owner paying an out-of-state contractor for specialized repainting services – would not fall within the purviews of the local controversy exception.

The last example involves a class action alleging wrongdoing in burial practices. *See* S. Rep. 109-14, at 41. Nearly all the plaintiffs live in Florida and "[t]he suit is brought against the cemetery, a Florida corporation, and an out-of-state parent company that was involved in supervising the cemetery." *Id*. The Committee remarked that "[t]his is precisely the type of case for which the Local Controversy Exception was developed," because the out-of-state defendant was not directly involved in the operations giving rise to the plaintiff's claims for relief. *Id.* The opposite scenario is at play here: the out-of-state defendant (Skyline) conducted the operations that directly give rise to Plaintiffs' claims for relief. The inclusion of other, ancillary and parasitic claims cannot subvert the real thrust of Plaintiffs' action and undermine CAFA jurisdiction. Unlike the out-of-state "holding company" in the example, here the out-of-state Defendant is the party alleged to have directly impacted Plaintiffs' properties. *See* S. Rep. 109-14, at 41.

Courts in the Fourth Circuit interpreting this Senate Report have concluded that it is "unlikely from the start that Congress intended for [a local defendant's] conduct . . . to be considered as forming a significant basis for the class claims asserted." *Carter v. Allstate Ins. Co*., No. 5:12-CV-72, 2012 WL 3637239, at *9-10 (N.D. W. Va. Aug. 21, 2012) (denying motion to remand based on local controversy exception). To read it otherwise would undermine the expansive grant of federal jurisdiction CAFA was enacted to accomplish. Were this Court to adopt the district court's reasoning, it would broaden the local controversy exception past what Congress intended when enacting CAFA. A plaintiff seeking remand will always and easily evade its burden of proof under the significant basis prong by alleging that the local defendant-landowner knew of, and intended for, the conduct performed by a highly specialized, foreign contractor, regardless of whether the property owner's *conduct* actually directly gave rise to the plaintiffs' alleged harms.

## III.    PLAINTIFFS DO NOT SEEK SIGNIFICANT RELIEF FROM TTI

CAFA does not quantify "significant relief," but courts have generally interpreted the phrase to mean the relief sought from a particular defendant constitutes a significant portion of the entire relief sought by the class. *Evans*, 449 F.3d at 1167. The interrelationship and close proximity of the "significant basis" and "significant relief" provisions in the statute weighs in favor of interpretating the

phrases consistently. *See, e.g., Comm'r of Internal Revenue v. Lundy*, 516 U.S. 235, 250 (1996).

Much like the "significant basis" prong, then, courts have held that the "significant relief" prong requires a comparison between the relief sought of the defendants. *Laws v. Priority Tr. Servs. Of N.C., L.L.C*., No. 3:08-CV-103, 2008 WL 3539512, at *5 (W.D.N.C. Aug. 11, 2008); *see also Robinson v. Cheetah Transp*., No. Civ. A. 06-0005, 2006 WL 468820, at *4 (W.D. La. Feb. 27, 2006) (plaintiffs had not met the burden of showing that the local controversy exception applied when "plaintiffs will seek most of [the] relief from… the corporate [out-of-state] defendants"). A bare allegation of joint and several liability, unaccompanied by any specific basis for significant relief against the local defendant, is insufficient to invoke the local controversy exception. *Russo v. Eastwood Constr. Partners*, LLC, No. 2:22-CV-1686-DCN, 2023 WL 2386453, at *4 (D.S.C. Mar. 7, 2023).

Here, the district court failed to compare the relief sought from the defendants, stating simply without support that "TTI's liability could meet (or exceed) that of Skyline." Remand Order at JA181. As discussed in the context of "significant basis," however, a proper relative balancing of the relief sought as a result of TTI's ownership of the tower and Skyline's removal of the paint (the alleged conduct directly giving rise to Plaintiffs' claims) demonstrates that the relief sought from Skyline necessarily exceeds that sought from TTI. It is not sufficient in this context

25

that Plaintiffs named TTI in a cause of action and suggest a boilerplate damages dollar-amount. The inquiry is whether, relative to Skyline, Plaintiffs' Complaint seeks significant relief from TTI, and consistent with the foregoing demonstration that TTI's conduct does not constitute a significant basis of Plaintiffs' claims, the reasonable inference from the facts alleged in the Complaint – which must be construed against remand – indicate that Plaintiffs do not credibly seek significant relief from TTI relative to Skyline.

## CONCLUSION

The district court's erroneous remand fails to engage in the analysis and judgement required by CAFA, as outlined above, and created an "antiremoval presumption" when a Maryland landowner is involved. By failing to show that this controversy is truly local, Plaintiffs did not carry their burden to prove that the local controversy exception applies. All doubts must be resolved in favor of the federal court retaining jurisdiction. The Supreme Court, the Fourth Circuit, and Congress have repeatedly emphasized the primacy of federal jurisdiction under CAFA and the narrow role of the exception. The Court should reverse the remand order and maintain federal jurisdiction over the claims in this case.

## STATEMENT REGARDING ORAL ARGUMENT

TTI requests oral argument. The consolidated appeals raise issues of first impression in this Circuit concerning remand pursuant to the local controversy

exception. The district court's Remand Order impermissibly expands the scope of the local controversy exception as it concerns what constitutes significant relief and significant basis and is further inconsistent with the standards applied by other circuit courts. The district court misinterpreted CAFA's text and intent to preserve federal jurisdiction and this Court should address these novel issues and determine whether an in-state defendant owning property and contracting with an out-of-state defendant to perform specialized construction work meets the local controversy exception under CAFA where the alleged harm was directly caused by the out-of-state contractor.

Date: May 29, 2024                    Respectfully Submitted,

                                      /s/ *Roy D. Prather*
                                      Roy D. Prather III
                                      Collin S. Gannon
                                      Beveridge & Diamond P.C.
                                      201 North Charles Street, Suite 2210
                                      Baltimore, Maryland 21201
                                      Phone:        410-230-1300
                                      Email:        rprather@bdlaw.com
                                                    cgannon@bdlaw.com

                                      James B. Slaughter
                                      Beveridge & Diamond P.C.
                                      1900 N Street, NW, Suite 100
                                      Washington, DC 20036
                                      Phone:        202-789-6040
                                      Email:        jslaughter@bdlaw.com

                                      *Attorneys for Defendant Television Tower, Inc.*

27

## <u>CERTIFICATE OF COMPLIANCE OF BRIEF</u>

Undersigned counsel certifies:

1.     This brief complies with type-volume limits of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, signature block, certificates of counsel, addendum, attachments), this brief contains <u>6,422 words</u> which, when combined with the opening brief of Skyline, is within the total word limit for a single appellant's opening brief.

2.     This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Fourteen point, Times New Roman.

/s/ *Roy D. Prather III*
Roy D. Prather III

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of May, 2024, a copy of the foregoing Opening Brief of Appellant Television Tower, Inc. was filed with the clerk of the court using the Court's Electronic Case Filing ("ECF") system and served via ECF on the following:

Andrew K. O'Connell
Ronald E. Richardson
Murphy, Falcon & Murphy
1 South St., 30th Floor
Baltimore, Maryland 21202
Email:
andrew.oconnell@murphyfalcon.com
ronald.richardson@murphyfalcon.com

Thomas V. McCarron
Paul N. Farquharson
Richard J. Medoff
Semmes, Bowen & Semmes
250 W. Pratt St., Suite1900
Baltimore, MD 21201
Email:
tmccarron@semmes.com
pfarquharson@semmes.com
rmedoff@semmes.com

/s/ *Roy D. Prather III*
Roy D. Prather III

## <u>ADDENDUM</u>

## **<u>Table of Contents</u>**

Statutes

28 U.S.C. § 1291 ....................................................................Add.2

28 U.S.C. § 1332 ....................................................................Add.3

28 U.S.C. § 1447 ...................................................................Add.10

28 U.S.C. § 1453 ...................................................................Add.12

§ 1291. Final decisions of district courts, 28 USCA § 1291

 KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

United States Code Annotated
   Title 28. Judiciary and Judicial Procedure (Refs & Annos)
      Part IV. Jurisdiction and Venue (Refs & Annos)
         Chapter 83. Courts of Appeals (Refs & Annos)

28 U.S.C.A. § 1291

§ 1291. Final decisions of district courts

Currentness

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

**CREDIT(S)**

(June 25, 1948, c. 646, 62 Stat. 929; Oct. 31, 1951, c. 655, § 48, 65 Stat. 726; Pub.L. 85-508, § 12(e), July 7, 1958, 72 Stat. 348; Pub.L. 97-164, Title I, § 124, Apr. 2, 1982, 96 Stat. 36.)

28 U.S.C.A. § 1291, 28 USCA § 1291
Current through P.L. 118-62. Some statute sections may be more current, see credits for details.

**End of Document**
© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Add.2

§ 1332. Diversity of citizenship; amount in controversy; costs..., 28 USCA § 1332

🚩 KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Validity Called into Doubt by  Abramson v. Marriott Ownership Resorts, Inc.,  C.D.Cal.,  Jan. 04, 2016

🚩 KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

---

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part IV. Jurisdiction and Venue (Refs & Annos)
      Chapter 85. District Courts; Jurisdiction (Refs & Annos)

---

28 U.S.C.A. § 1332

§ 1332. Diversity of citizenship; amount in controversy; costs [Statutory Text & Notes of Decisions subdivisions I to V]

Currentness

<Notes of Decisions for 28 USCA § 1332 are displayed in multiple documents.>

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

**(1)** citizens of different States;

**(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

**(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

**(b)** Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

**(c)** For the purposes of this section and section 1441 of this title--

**(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a

Add.3

policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--

    **(A)** every State and foreign state of which the insured is a citizen;

    **(B)** every State and foreign state by which the insurer has been incorporated; and

    **(C)** the State or foreign state where the insurer has its principal place of business; and

**(2)** the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

**(d)(1)** In this subsection--

    **(A)** the term "class" means all of the class members in a class action;

    **(B)** the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;

    **(C)** the term "class certification order" means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action; and

    **(D)** the term "class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.

**(2)** The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--

    **(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant;

    **(B)** any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

    **(C)** any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

**(3)** A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed

Add.4

plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--

**(A)** whether the claims asserted involve matters of national or interstate interest;

**(B)** whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

**(C)** whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

**(D)** whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

**(E)** whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

**(F)** whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

**(4)** A district court shall decline to exercise jurisdiction under paragraph (2)--

**(A)(i)** over a class action in which--

**(I)** greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

**(II)** at least 1 defendant is a defendant--

**(aa)** from whom significant relief is sought by members of the plaintiff class;

**(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

**(cc)** who is a citizen of the State in which the action was originally filed; and

**(III)** principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

**(ii)** during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

**(B)** two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

**(5)** Paragraphs (2) through (4) shall not apply to any class action in which--

**(A)** the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or

**(B)** the number of members of all proposed plaintiff classes in the aggregate is less than 100.

**(6)** In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

**(7)** Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.

**(8)** This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action.

**(9)** Paragraph (2) shall not apply to any class action that solely involves a claim--

**(A)** concerning a covered security as defined under 16(f)(3) [1] of the Securities Act of 1933 (15 U.S.C. 78p(f)(3) [2]) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));

**(B)** that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or

**(C)** that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

**(10)** For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.

Add.6

**(11)(A)** For purposes of this subsection and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.

**(B)(i)** As used in subparagraph (A), the term "mass action" means any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

**(ii)** As used in subparagraph (A), the term "mass action" shall not include any civil action in which--

**(I)** all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State;

**(II)** the claims are joined upon motion of a defendant;

**(III)** all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action; or

**(IV)** the claims have been consolidated or coordinated solely for pretrial proceedings.

**(C)(i)** Any action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section 1407, or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407.

**(ii)** This subparagraph will not apply--

**(I)** to cases certified pursuant to rule 23 of the Federal Rules of Civil Procedure; or

**(II)** if plaintiffs propose that the action proceed as a class action pursuant to rule 23 of the Federal Rules of Civil Procedure.

**(D)** The limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to this subsection shall be deemed tolled during the period that the action is pending in Federal court.

**(e)** The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

**CREDIT(S)**

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

(June 25, 1948, c. 646, 62 Stat. 930; July 26, 1956, c. 740, 70 Stat. 658; Pub.L. 85-554, § 2, July 25, 1958, 72 Stat. 415; Pub.L. 88-439, § 1, Aug. 14, 1964, 78 Stat. 445; Pub.L. 94-583, § 3, Oct. 21, 1976, 90 Stat. 2891; Pub.L. 100-702, Title II, §§ 201(a), 202(a), 203(a), Nov. 19, 1988, 102 Stat. 4646; Pub.L. 104-317, Title II, § 205(a), Oct. 19, 1996, 110 Stat. 3850; Pub.L. 109-2, § 4(a), Feb. 18, 2005, 119 Stat. 9; Pub.L. 112-63, Title I, §§ 101, 102, Dec. 7, 2011, 125 Stat. 758.)

## Footnotes

1    So in original. Reference to "16(f)(3)" probably should be preceded by "section".

2    So in original. Probably should be "77p(f)(3)".

28 U.S.C.A. § 1332, 28 USCA § 1332
Current through P.L. 118-62. Some statute sections may be more current, see credits for details.

End of Document                                          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Validity Called into Doubt by    Abramson v. Marriott Ownership Resorts, Inc.,    C.D.Cal.,   Jan. 04, 2016

KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part IV. Jurisdiction and Venue (Refs & Annos)
      Chapter 85. District Courts; Jurisdiction (Refs & Annos)

28 U.S.C.A. § 1332

§ 1332. Diversity of citizenship; amount in controversy; costs [Notes of Decisions subdivisions VI to XXII]

Effective: January 6, 2012

Currentness

<Notes of Decisions for 28 USCA § 1332 are displayed in multiple documents. For text of section, historical notes, and references, see first document for 28 USCA § 1332.>

28 U.S.C.A. § 1332, 28 USCA § 1332
Current through P.L. 118-62. Some statute sections may be more current, see credits for details.

**End of Document**                                         © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Add.9

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Limitation Recognized by  Flam v. Flam,  9th Cir.(Cal.),  June 08, 2015

United States Code Annotated
   Title 28. Judiciary and Judicial Procedure (Refs & Annos)
     Part IV. Jurisdiction and Venue (Refs & Annos)
       Chapter 89. District Courts; Removal of Cases from State Courts (Refs & Annos)

28 U.S.C.A. § 1447

§ 1447. Procedure after removal generally

Effective: November 9, 2011

Currentness

**(a)** In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

**(b)** It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

**(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**(d)** An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

**(e)** If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

**CREDIT(S)**

(June 25, 1948, c. 646, 62 Stat. 939; May 24, 1949, c. 139, § 84, 63 Stat. 102; Pub.L. 88-352, Title IX, § 901, July 2, 1964, 78 Stat. 266; Pub.L. 100-702, Title X, § 1016(c), Nov. 19, 1988, 102 Stat. 4670; Pub.L. 102-198, § 10(b), Dec. 9, 1991, 105 Stat. 1626; Pub.L. 104-219, § 1, Oct. 1, 1996, 110 Stat. 3022; Pub.L. 112-51, § 2(d), Nov. 9, 2011, 125 Stat. 546.)

28 U.S.C.A. § 1447, 28 USCA § 1447
Current through P.L. 118-62. Some statute sections may be more current, see credits for details.

Add.10

**§ 1447. Procedure after removal generally, 28 USCA § 1447**

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Add.11

§ 1453. Removal of class actions, 28 USCA § 1453

United States Code Annotated
    Title 28. Judiciary and Judicial Procedure (Refs & Annos)
        Part IV. Jurisdiction and Venue (Refs & Annos)
            Chapter 89. District Courts; Removal of Cases from State Courts (Refs & Annos)

28 U.S.C.A. § 1453

§ 1453. Removal of class actions

Currentness

**(a) Definitions.**--In this section, the terms "class", "class action", "class certification order", and "class member" shall have the meanings given such terms under section 1332(d)(1).

**(b) In general.**--A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

**(c) Review of remand orders.**--

**(1) In general.**--Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.

**(2) Time period for judgment.**--If the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed, unless an extension is granted under paragraph (3).

**(3) Extension of time period.**--The court of appeals may grant an extension of the 60-day period described in paragraph (2) if--

**(A)** all parties to the proceeding agree to such extension, for any period of time; or

**(B)** such extension is for good cause shown and in the interests of justice, for a period not to exceed 10 days.

**(4) Denial of appeal.**--If a final judgment on the appeal under paragraph (1) is not issued before the end of the period described in paragraph (2), including any extension under paragraph (3), the appeal shall be denied.

**(d) Exception.**--This section shall not apply to any class action that solely involves--

Add.12

**(1)** a claim concerning a covered security as defined under section 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3) [1]) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));

**(2)** a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or

**(3)** a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1))) and the regulations issued thereunder).

**CREDIT(S)**

(Added Pub.L. 109-2, § 5(a), Feb. 18, 2005, 119 Stat. 12; amended Pub.L. 111-16, § 6(2), May 7, 2009, 123 Stat. 1608; Pub.L. 112-63, Title I, § 103(d)(2), Dec. 7, 2011, 125 Stat. 762.)

**Footnotes**

1        So in original. Probably should be "77p(f)(3)".

28 U.S.C.A. § 1453, 28 USCA § 1453
Current through P.L. 118-62. Some statute sections may be more current, see credits for details.

                          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.